# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 4, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| DESTINY MAYNARD, | * | |
| and | * | |
| ELIJAH BUNCH | * | |
| *co-administrators of the estate of C.B.,* | * | |
| *deceased,* | * | |
| Petitioner, | * | No. 20-768V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Christina C. Ciampollio,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Emilie Williams,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 15, 2023, Destiny Maynard and Elijah Bunch, as co-administrators of the estate of C.B. ("petitioners"), filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee App.") (ECF No. 40). For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and finds that an award of $46,890.49 for interim attorneys' fees and costs is reasonable.

### I. Procedural history

On June 25, 2020, petitioners filed their petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioners allege that as a result of C.B.

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted** https://www.govinfo.gov/app/collection/uscourts/national/cofc. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

receiving the human papillomavirus ("HPV") vaccine on June 28, 2018, he suffered acute disseminated encephalomyelitis ("ADEM"), resulting in death. *Id.* at Preamble. Petitioner filed supporting medical records on June 30, 2020. Petitioner's Exhibits ("Pet.") ("Exs.") 1-7 (ECF No. 6).

On October 23, 2020, respondent filed the Rule 4c report recommending against compensation, in part, because petitioners had yet to file expert reports. Respondent's ("Resp.") Rule 4(c) Report ("Rept.") (ECF No. 17). On January 4, 2021, petitioners filed an expert report from pediatric neurologist, Dr. Daniel Bonthius. Pet. Ex. 15.

Respondent filed two responsive expert reports, one from Dr. Hayley Gans and one from Dr. Michael Wilson. Resp. Exs. A & C (ECF Nos. 26-27). I held a Rule 5 status conference in this matter on October 21, 2021. *See* Rule 5 Order (ECF No. 29). During that status conference, I recommended that the parties engage in litigative risk settlement negotiations, but also gave the petitioner the opportunity to respond to respondent's expert reports. *Id.* at 3.

Petitioner filed a supplemental expert report on December 1, 2021 from Dr. Bonthius. Pet. Ex. 46 (ECF No. 31). After the filing of this expert report, respondent filed a status report indicating that he intends to continue to defend this matter and asked that an entitlement hearing be scheduled. Resp. Status Rept. (ECF No. 35). An entitlement hearing is scheduled for January 24-25, 2024.

On March 15, 2023, petitioners filed this motion for interim attorneys' fees and costs. Int. Fee App. Petitioners are seeking $27,037.10 in attorneys' fees and $19,853.39 in attorneys' costs. *Id.* at 2. Petitioners also filed accompanying billing statements and invoices for costs. Respondent filed a response to petitioner's request, stating, "If the special master is satisfied that this case was filed and proceeded with a reasonable basis, and the Special Master further decides to exercise his discretion to award fees and costs in this uncompensated case, then the Federal Circuit has made it clear that "determination of the amount of reasonable attorneys' fees is within the special master's discretion." Resp. Response at 3 (citing *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Thus, the respondent recommended that "the special master exercise his discretion and determine a reasonable aware for attorney's fees and costs." *Id.* at 4.

Petitioner did not file a reply. This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which

---

("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2

the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioners have a belief that the HPV vaccine has been the cause of C.B's neurological condition which led to his death, thus they have satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioners filed accompanying medical records to support their petition, in addition to two expert reports to support the allegation of vaccine causation. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This case has been pending since 2020 and the amount of attorneys' costs exceeds $15,000.00. While petitioners' attorneys' fees do not exceed $30,000.00, additional fees and costs are likely to be incurred on this claim, as an entitlement hearing is set for January 2024, which may require the drafting of pre-and post-hearing briefs, as well as costs incurred due to petitioners' expert testifying at the hearing. As such, I find that award of interim attorneys' fees and costs is appropriate at this time.

3

### III. Reasonable attorneys' fees and costs

#### A. Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

In this case, petitioner requests various rates of compensation for the attorneys who have worked on her case at the Conway Homer firm, including Ms. Christina Ciampollio, Mr. Ronald Homer, and Ms. Meredith Daniels, along with multiple paralegals at the firm. The hourly rate requested by petitioner for the personnel working on her case are consistent with the hourly rates that have been previously awarded to Conway, Homer P.C. attorneys and staff for their work by myself and other special masters. Accordingly, no adjustment to the requested rates is necessary.

### C. Hours expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioner has also submitted a detailed invoice from Conway, Homer, P.C. The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended. Based on my experience and my familiarity with the work performed in this case, the hours expended on this case appear to be reasonable. Thus, petitioner's request for interim attorneys' fees will be awarded in full.

### D. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioners are requesting a total of $19,853.39 in costs. Int. Fee App. at 2. Some of these costs include the filing fee, postage, obtaining medical records, and copies. *Id.* at Tabs C and D. Petitioners have submitted invoices to support these costs. *Id.*

The bulk of petitioners' attorneys' costs request is for reimbursement of $18,900.00 for work performed by Dr. Daniel J. Bonthius as the expert to support their petition. Dr. Bonthius is requesting reimbursement at a rate of $600.00 per hour for 31.5 hours of work. Int. Fee App. at Tab B at 15. Dr. Bonthius has provided two expert reports in this case, which required reviewing the medical records, the respondent's expert reports, and writing two reports. *Id.* Dr. Bonthius is a board certified pediatric neurologist and has a Ph.D. in neuroscience. Int. Fee App. at Tab C at 1. Furthermore, Dr. Bonthius is a practicing pediatric neurologist and is currently serving as the Chief of the Division of Child Neurology at Levine Children's Hospital in North Carolina. *Id.* at 2. Dr. Bonthius was the treating pediatric neurologist for C.B. upon his presentation to the University of Iowa Stead Family Children's Hospital. Thus, Dr. Bonthius' requested rate of $600.00 is reasonable. Additionally, the hours that Dr. Bonthius has expended on this matter is also reasonable. Thus, petitioners' interim attorneys' costs shall be awarded in full.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for interim attorneys' fee and costs is **GRANTED.** Therefore, I award the following in interim attorneys' fees and costs:

**A) A lump sum payment of $46,890.49, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's attorney, Ronald C. Homer of Conway, Homer, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).